**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RASHON BOHANNON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0130-TWT-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:17-CV-1473-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S ORDER**
**AND FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her

federal sentence entered in this Court under the above criminal docket number.  The

matter is before the Court on the motion to vacate and supplemental memorandum

[263, 265], Respondent's response [267], and Movant's addendum and first and second

amended memoranda, [268, 269, 270], construed as motions to amend.  For the reasons

discussed below, Movant's motion to vacate and a certificate of appealability (COA)

are due to be denied.  Movant's construed motions to amend shall be granted in part

and denied in part.

## I.    **Background**

The grand jury for the Northern District of Georgia indicted Movant for bank

fraud conspiracy in violation of 18 U.S.C. §§ 1344 and 1349, count one, and for bank

fraud, counts two through eleven.  (Indictment, ECF No. 1).  Movant, represented by Thomas C. Wooldridge, pleaded guilty to count one, bank fraud conspiracy.  (Guilty Plea and Plea Agreement, ECF No. 166-1).  By judgment entered on April 19, 2016, the Court imposed a seventy-two month term of imprisonment.  (J., ECF No. 242).  The record does not show that Movant appealed, and on April 24, 2017, Movant filed her motion to vacate.  (Mot. to Vacate and Grounds in Support, ECF No. 263).

Movant raises twenty grounds for relief in her motion to vacate and grounds in support, (id.), and in her supplemental memorandum, (Suppl. Mem., ECF No. 265), and raises three matters in her construed motions to amend, see infra IV. A. and C., that relate back to grounds one, nine, and eleven.  Movant's twenty grounds for relief are as follows:

(1) Movant's conviction was obtained by a coerced confession.  (Mot. to Vacate at 4 and Grounds in Support at 1).  Movant states that Wooldridge could not form a proper defense, lacked knowledge of cases dealing with bank fraud, and improperly advised her to plead guilty such that his performance coerced Movant into pleading guilty. (Addendum, Mem. in Reply at 2-3, ECF No. 268).

(2) Movant's conviction was obtained by an unconstitutional search and seizure of items and information from Movant's home and business based on a warrant that lacked probable cause.  (Mot. to Vacate at 5 and Grounds in Support at 1).

(3) Movant was denied effective assistance of counsel.  "The attorney did not assist the accused with an aggressive defense.  There were no witnesses obtained in her favor,

2

nor was the accused faced with her accusers which was unconstitutional." (Mot. to Vacate at 7 and Grounds in Support at 1).

(4) Movant's conviction was obtained based on "wrong legal status[.]" Movant's "status must be corrected from LEGAL Person to NATURAL Person." (Grounds in Support at 2).

(5) Movant's conviction was obtained by the action of an unconstitutional grand or petit jury, who were provided corrupt information. (Id.).

(6) Movant's conviction was obtained by violation of her right against self incrimination. (Mot. to Vacate at 8, Grounds in Support at 2).

(7) Movant was unconstitutionally denied bail. (Grounds in Support at 2).

(8) Movant's conviction was obtained by denial of a trial by jury as required by due process. (Grounds in Support at 3).

(9) Movant's conviction was obtained by an *ex post facto* law. (Id.). Movant alleges that any action against her under 18 U.S.C. § 1344 – which she asserts was enacted on January 3, 2012 – violated the *ex post facto* clause. (Second Am. Mem., ECF No. 270).

(10) Movant's conviction was obtained in a court that operated in excess of common-law, equity, or admiralty/maritime jurisdiction. (Grounds in Support at 3).

(11) Movant's conviction was obtained by a court without authority to adjudicate Movant's case. (Grounds in Support at 4). The Court is without jurisdiction as Movant is a Moorish American. (Addendum at 1).

(12) Movant's conviction was obtained by a court without proper venue over the parties. (Id.).

(13) Movant's conviction was obtained by requiring her to waive certain inalienable rights. (Id.).

(14)  Movant's conviction was obtained by a guilty plea that was unlawfully induced and involuntary "due to not understanding the nature of the charge which was defined by a statute."  (Grounds in Support at 5).[1]

(15)  Movant was denied her right to appeal because counsel failed to file a timely Notice of Appeal.  (Id.).

(16)  Movant's conviction was obtained in violation of double jeopardy in that Movant had previously rectified the same matter with the State of Georgia.  (Id.).

(17)  Movant's conviction was obtained by an accuser who is a corporate fiction. (Grounds in Support at 6).

(18)  Movant is being unlawfully held in violation of the Constitution.  (Id.).

(19)  Movant has an inalienable right to the writ of habeas corpus.  (Id.).

(20)  Movant's conviction was obtained in violation of due process in that the statute defining her offense is void for vagueness.  (Suppl. Mem.).

Respondent argues that Movant's claims of ineffective assistance of counsel fail as conclusory and that her non-ineffectiveness claims are defeated by her knowing and voluntary appeal waiver and are barred by procedural default. (Resp't Resp. at 1, 7-17, ECF No. 267).

---

[1]The Court construes ground fourteen to go with ground one, as part of Movant's challenge to her guilty plea based on ineffective assistance of counsel.  The grounds are addressed together below.

4

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), cert. denied, _ U.S. _, 136 S. Ct. 267 (2015).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

AO 72A
(Rev.8/82)

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  Rosin v. United States, 786 F.3d 873, 877 (11th Cir.), cert. denied, _ U.S. _, 136 S. Ct. 429 (2015) (quoting § 2255(b)).  That is the case here, as shown in the discussion below.

## III.   Discussion

### A.   Grounds One and Fourteen:   Ineffective Assistance of Counsel Resulting in an Invalid Guilty Plea

Movant pleaded guilty to Count One, bank fraud conspiracy, and agreed that she was giving up the right to be tried by a jury, to confront and cross-examine witnesses against her, to present evidence and subpoena witnesses to testify on her behalf, and to pursue any affirmative defenses and pre-trial motions that could have been filed. (Guilty Plea and Plea Agreement at 1-3).  The government agreed that all remaining counts (counts two through eleven) against Movant would be dismissed and that it would bring no further criminal charges against Movant related to the charge to which she was pleading guilty.  (Id. at 4-5).  The government agreed to recommend that Movant receive an acceptance-of-responsibility adjustment (unless contradicted by Movant's conduct), that Movant receive a one-level downward variance and an

6

additional ten-month downward variance, and that Movant be sentenced at the low end of the adjusted guideline range.  (Id. at 6-7, 11-12).  Movant agreed that she voluntarily and expressly waived the right to appeal or collaterally attack her conviction and sentence, with the exception of ineffective assistance of counsel claims and other exceptions that do not apply here.  (Id. at 17).

During her plea hearing, Movant took an oath that she would testify truthfully, and the Court explained to Movant the rights that she was giving up by pleading guilty, including the right to a jury trial with the assistance of counsel, to have the government prove her guilt beyond a reasonable doubt, to subpoena witnesses to testify on her behalf, to cross-examine witnesses against her and object to evidence against her, and the right to testify or not to testify.  (Plea Hr'g Tr. at 3, 5-7, ECF No. 259).  Movant, under oath, stated that she understood and that she was willing to waive all of these rights.  (Id. at 7).  The government stated that Movant was pleading guilty to count one and reviewed the plea agreement in detail, including the appeal waiver.  (Id. at 7-12).  Movant confirmed that the government had accurately reviewed the agreement.  (Id. at 12).

The Court asked Movant if anyone had forced or threatened her to plead guilty, and Movant stated, "No."  (Id.).  The Court asked Movant if anyone had told her that

7

if she did not plead guilty further charges would be brought or some other adverse action would be taken, and Movant stated, "No." (<u>Id.</u>).  The Court asked Movant whether anyone had advised her not to tell the complete truth before the Court, and Movant stated, "No." (<u>Id.</u> at 13).  The Court then asked Movant whether she had received sufficient time to think about her decision to plead guilty and to discuss it with counsel and whether she was satisfied with counsel.  Movant responded affirmatively. (<u>Id.</u> at 14).

The government then stated on the record the elements for conspiracy to commit bank fraud – (1) that two or more persons agreed to accomplish a common and unlawful plan to commit bank fraud and (2) that Movant knew the unlawful purpose of the plan and willfully joined in it. (<u>Id.</u> at 14-15).  Movant confirmed to the Court that she understood the charge to which she was pleading guilty. (<u>Id.</u> at 15-16).  The Court enquired whether Movant understood that she was giving up her right to appeal, except in limited circumstances, and Movant affirmed that she understood and was doing so freely and voluntarily. (<u>Id.</u> at 18).

The government then summarized the evidence against Movant. (<u>Id.</u> at 21-23).  Movant agreed that she had obtained stolen checks from the banks at issue, had created fraudulent accounts in which to deposit those checks, had withdrawn money from the

8

fraudulent accounts, and had worked/conspired with others to do so.  (Id. at 24-25). The Court asked Movant if she was guilty of the crime charged in count one, conspiracy to commit bank fraud, and Movant stated, "Yes."  (Id. at 25).  The Court accepted Movant's guilty plea.  (Id. at 25-26).

At sentencing, Movant had an offense level of twenty-five, a criminal history category of V (including points for two prior forgery convictions, for two prior identity-fraud convictions, and for committing her instant offense while under a sentence for forgery), and a guideline range of 100 to 125 months of imprisonment. (PSR at 36; Sentencing Tr. at 10-11, ECF No. 250).  The government recommended an 82-month sentence based on a one-level downward variance (which would yield 92 months for the bottom of the guideline range) and an additional ten-month downward variance (which would yield 82 months of imprisonment).  (Sentencing Tr. at 12-13). Movant's sentencing counsel, Paul Kish, argued that Movant had shown notable growth and maturity in accepting responsibility and asked for a significant variance. (Id. at 14).  The Court imposed a seventy-two month term of imprisonment, and counts two through eleven were dismissed on the government's motion, as agreed.  (Id. at 18; J.).

9

In grounds one and fourteen and in her addendum which relates back to ground one, Movant now challenges her guilty plea based on ineffective assistance of counsel. Movant challenges her guilty plea conviction as being coerced because counsel lacked knowledge of cases dealing with bank fraud and improperly advised her to plead guilty and because she did not understand the nature of the charge against her. (Mot. to Vacate at 4 and Grounds in Support at 1, 5; Addendum, Mem. in Reply at 2-3).

Movant did not waive the right to bring a § 2255 challenge based on ineffective assistance of counsel, and, further, an appeal waiver "does *not* preclude claims brought pursuant to § 2255 that challenge the validity of the defendant's plea or the appeal waiver based on the ineffective assistance of counsel." Patel v. United States, 252 F. App'x 970, 974 (11th Cir. 2007) (emphasis in original). A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced her. Id. at 690-92.

To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was

10

deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that s]he would not have pleaded guilty and would have insisted on going to trial.'" Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218 (11th Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)), cert. denied, _ U.S. _, 136 S. Ct. 798 (2016). A movant's "bare allegation that [she] would not have pleaded guilty is insufficient to establish prejudice[.]" Roach v. Roberts, 373 F. App'x 983, 985 (11th Cir. Apr. 20, 2010). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Diveroli v. United States, 803 F.3d 1258, 1263 (11th Cir. 2015) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)) (internal quotation marks omitted). Further, in considering the validity of a guilty plea, "the representations of the defendant, [her] lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. . . . Solemn declarations in open court carry a strong presumption of verity." Winthrop-Redin v. United States, 767 F.3d 1210, 1216-17 (11th Cir. 2014) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)) (internal quotation marks omitted).

   Movant's assertions are conclusory in that she does not indicate any case dealing with bank fraud that even theoretically casts doubt on her guilty plea. Further,

Movant's assertions that she did not understand the nature of the charge against her and that her guilty plea was coerced are affirmatively contradicted by the record. At her guilty plea hearing, Movant, under oath, informed the Court that no one had forced or threatened her to plead guilty. Further, after the government stated the elements for conspiracy to commit bank fraud, Movant confirmed to the Court that she understood the charge to which she was pleading guilty.

Movant does not set forth the advice that counsel should have given her that would have had a reasonable chance of changing the outcome. Additionally, the Court can perceive no rational reason why Movant would have given up the significant benefits – including the dismissal of ten counts and the government's recommendations for two downward variances – that she received by pleading guilty to count one and would instead have insisted on going to trial on all eleven counts. Movant fails to show that counsel's assistance resulted in an invalid plea.

### B.    Grounds Three and Fifteen, Ineffective Assistance of Counsel

Movant's ground three – counsel failed to assist Movant with an aggressive defense in that no witnesses were obtained in Movant's favor and Movant did not face her accusers – fails. (See Mot. to Vacate at 7 and Grounds in Support at 1). Movant by pleading guilty waived her right to a trial – to put on a defense, obtain witnesses in

her favor, and confront the witnesses against her.  (See Guilty Plea and Plea Agreement at 1-3; Plea Hr'g Tr. at 5-7); Finch v. Vaughn, 67 F.3d 909, 914 (11th Cir. 1995) ("A guilty plea is an admission of criminal conduct as well as the waiver of the right to trial.").  As discussed above, Movant has not shown that her guilty plea is invalid, and counsel did not perform deficiently for failing to pursue rights that were waived by Movant's valid guilty plea.

Movant's ground fifteen – counsel failed to file a timely notice of appeal – fails as conclusory and factually insufficient.  (See Grounds in Support at 5).  Movant nowhere suggests that she ever expressly requested that counsel file an appeal and that counsel refused to do so or allege any facts to demonstrate that counsel had a duty to consult with her about appealing and failed to do so.  See Devine v. United States, 520 F.3d 1286, 1288-89 (11th Cir. 2008) (discussing counsel's assistance in filing an appeal and holding that counsel has no duty to consult about appeal when the defendant has not reasonably demonstrated an interest in appealing and when a rational defendant would not want to appeal when there are no nonfrivolous grounds for appeal, when there is a guilty plea and appeal waiver and no indication that the plea is invalid, and when the defendant has been sentenced at the bottom of the guidelines).

13

### C.    Grounds Ten and Eleven, the Court's Jurisdiction

Movant's has challenged the Court's jurisdiction in grounds ten and eleven and in her addendum, which relates back to ground eleven.

Generally, a defendant cannot waive a challenge to federal court subject matter jurisdiction.  United States v. Isaac Marquez, 594 F.3d 855, 858 n.4 (11th Cir. 2010). Under section 3231 of Title 18, however, Congress has given the United States district courts "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  Movant's general challenges to the Court's jurisdiction over her criminal action – as stated in grounds ten and eleven – are without any merit.

Movant's jurisdictional challenge raised in her addendum also fails.  Movant asserts that this Court is without jurisdiction because she is a Moorish American. (Addendum at 1-2).  Movant has attached a Judicial Notice and Proclamation in which she states that she is not subject to the jurisdiction of the United States because she is a Moor and because, as stated in Dred Scott v. Sandford, 60 U.S. 393 (1857), superseded (1868), Negroes, slave or free, are not United States citizens and that, accordingly, she is excluded from the jurisdiction of the United States.  (Addendum, Judicial Notice at 1-2).

14

The <u>Dred Scott</u> decision, which found that Negroes whose ancestors were slaves were non-citizens, <u>id.</u>, 60 U.S. at 427, has been superseded and is no longer good law. <u>See</u> U.S. Const. amend. XIII ("Neither slavery nor involuntary servitude, except as a punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."); U.S. Const. amend XIV ("All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."). A person's race does not exclude them from citizenship or from the jurisdiction of the United States. A person's race also does not exclude them from the privileges and rights afforded in the Constitution, upon which Movant relies in bringing her § 2255 motion. Movant's challenges to the Court's jurisdiction fail.

### D.   <u>Ground Twenty, the Constitutionality of 18 U.S.C. §§ 1344 and 1349</u>

In ground twenty, Movant challenges §§ 1344 and 1349 as void for vagueness. (Suppl. Mem.)

As a general rule, a challenge to the constitutionality of a statute under which a defendant is convicted presents a jurisdictional issue that cannot be waived by pleading guilty. <u>United States v. Saac</u>, 632 F.3d 1203, 1208 (11th Cir. 2011) (citing <u>United States v. Palacios–Casquete</u>, 55 F.3d 557, 561 (11th Cir. 1995)); <u>but see</u>

15

United States v. Diveroli, 512 F. App'x 896, 901-02 (11th Cir. 2013) (holding that challenge to statute as vague was barred by valid appeal waiver).  A statute is void for vagueness, in violation of due process, unless it gives a reasonable opportunity to a person of ordinary intelligence to know what is prohibited and provides standards for the government to determine what is prohibited.  United States v. Matchett, 837 F.3d 1118, 1122 (11th Cir. 2016), cert. denied, _ U.S. _, 137 S. Ct. 1344 (2017).

Under § 1344, a person commits a crime if he or she "knowingly executes, or attempts to execute, a scheme or artifice – (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises . . . ."  Additionally, under § 1349, it is a crime to attempt or to conspire to commit the above offense.  Sections § 1344 and §1349 are sufficient to inform a person of ordinary intelligence that it is criminal to knowingly use false means or fraud to obtain property owned by or under the custody of a financial institution and that it also is criminal to attempt or conspire to do the same.  See United States v. McMath, No. CR413-003, 2013 WL 5799004, at *9 (S.D. Ga. Oct. 16, 2013) (rejecting void for vagueness challenge to § 1344 and stating

16

that "[§] 1344's clear message to employees and management alike [is]: Don't defraud the bank . . . .").

Neither § 1344 nor § 1349 are void for vagueness. To the extent that Movant did not waive or default her right to challenge the constitutionality of §§ 1344 and 1349, her claim fails.

### E.   Remaining Grounds

Movants remaining grounds are waived by Movant's valid appeal waiver.

When a guilty plea is otherwise valid, a provision that waives the right to review is valid and enforceable if the district court has "specifically questioned the defendant about the provision during the plea colloquy, or . . . it is manifestly clear from the record that the defendant fully understood the significance of the waiver." United States v. Hardman, 778 F.3d 896, 899 (11th Cir. 2014) (quoting United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)) (internal quotation marks omitted).

Here, the waiver of direct and collateral review was throughly reviewed by the government during the plea hearing, and the Court questioned Movant regarding the waiver and ascertained that she understood the waiver. See United States v. Jackson, 398 F. App'x 451, 452 (11th Cir. 2010) (concluding that the movant understood the waiver although the district court's explanation of the waiver did not specifically

17

explain its application to collateral attacks); <u>Brown v. United States</u>, 256 F. App'x 258, 262 (11th Cir. 2007) (same).  The undersigned finds that Movant's waiver of her right to collateral review is valid and enforceable.  Accordingly, all of Movant's remaining grounds fail.

## IV.   <u>Addendum and Amended Memoranda</u>

### A.   <u>Addendum Signed June 20, 2017</u>

On June 20, 2017, Movant signed and submitted for filing an addendum, with an attached memorandum in reply and judicial notice.  (Addendum, Mem. in Reply, and Judicial Notice, ECF No. 268).[2]  Movant states (1) that Wooldridge could not form a proper defense, lacked knowledge of cases dealing with bank fraud, and improperly advised her to plead guilty such that his performance coerced Movant into pleading guilty; (2) that Wooldridge was ineffective for failing to file a motion to quash on the grounds of double jeopardy (apparently based on state proceedings for the same conduct); (3) that Movant should not have received a two-point enhancement under U.S.S.G. § 4A1.1; (4) that the indictment was impermissibly vague as to the time and

---

[2]The Court has reviewed the addendum and memorandum and liberally construed what appear to be attempts to amend.  Any matters mentioned only in the affidavits filed by Movant are not construed as attempting to raise any additional claims.  (<u>See</u> Affs., ECF No. 268).

18

place of the offense charged; (5) that the district court erred in applying a four-level adjustment under U.S.S.G. § 2B1.1(b)(2); (6) that the district court erred in applying a three-level adjustment under U.S.S.G. § 3B1.1(b); and (7) counsel allowed the accuser to use a certain hotel room.  (Addendum, Mem. in Reply at 2-3, 7, 9-13).  Movant also raises issues pertaining to her being a Moorish American and asserts that this Court is without jurisdiction.  (Addendum at 1-2 and Judicial Notice).

The addendum was untimely submitted for filing more than a year after Movant's conviction became final.[3]  The Court finds that Movant's allegations concerning counsel's performance and the coercion of her guilty plea relate back to her timely filed ground one and that Movant's allegations concerning jurisdiction and her Moorish heritage relate back to her timely filed ground eleven.  Otherwise, the matters that she raises are untimely and do not relate back.  Based on the above, Movant's addendum, construed as a motion to amend, shall be granted in part and otherwise denied.

---

[3]Because Movant did not file a direct appeal, her federal conviction became final on May 3, 2016, fourteen days after the April 19, 2016, entry of judgment.  See Fed. R. App. P. 4(b)(1)(A).  Accordingly, any amendment to her motion to vacate should have been filed by May 3, 2017, or must relate back to a timely filed ground for relief.  28 U.S.C. § 2255(f)(1); Davenport v. United States, 217 F.3d 1341, 1344 (stating that a proposed amendment is barred unless it is timely filed or unless it relates back to a timely filed claim).

AO 72A
(Rev.8/82)

### B.     First Amended Memorandum Signed August 14, 2017

On July 25, 2017, Movant signed and submitted for filing a first amended memorandum, in which Movant argues that sentencing counsel was ineffective for failing to present additional matters for the Court to consider in imposing sentence under 18 U.S.C. § 3553 and for failing to argue for a downward variance at sentencing. (First Am. Mem. at 2-3, ECF No. 269).

The first amended memorandum was untimely submitted for filing more than a year after Movant's conviction became final, and the Court finds that Movant's allegations therein do not relate back to any of Movant's timely grounds for relief. Accordingly, the first amended memorandum, construed as a motion to amend, shall be denied.

### C.     Second Amended Memorandum Signed August 14, 2017

On August 14, 2017, Movant signed and submitted for filing an amended memorandum, in which she alleges that any action against her under 18 U.S.C. § 1344 – which she asserts was enacted on January 3, 2012 – violated the *ex post facto* clause. (Second Am. Mem.).

The second amended memorandum was untimely submitted for filing more than a year after Movant's conviction became final. The Court finds that the matters raised

20

therein relate back to Movant's timely filed ground nine.  Accordingly, the second amended memorandum, construed as a motion to amend, shall be granted.

## V.   <u>Certificate of Appealability (COA)</u>

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Melton v. Sec'y, Fla. Dep't of Corr.</u>, 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), <u>cert. denied</u>, _ U.S. _, 136 S. Ct. 324 (2015).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

AO 72A
(Rev.8/82)

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484), cert. denied, _ U.S. _, 137 S. Ct. 830 (2017).

It is recommended that a COA is unwarranted because it is not debatable that Movant has failed to show that she is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## VI.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's addendum [268], construed as a motion to amend, is **GRANTED** in part as stated above and otherwise **DENIED**; that Movant's first amended memorandum [269], construed as a motion to amend, is **DENIED**; and that Movant's second amended memorandum [270], construed as a motion to amend, is **GRANTED** in part as stated above and otherwise **DENIED**.

**IT IS RECOMMENDED** that Movant's motion [263] to vacate, set aside, or correct her federal sentence be **DENIED** and that a COA be **DENIED**.

22

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED**, this 18th day of October, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

23